IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| MIGUEL LARA and MARIA ESTELA LARA, Individually and as Independent Administrator of the Estate of Luis Antonio Lara<br><br>Plaintiffs,<br><br>v.<br><br>POWER OF GRACE TRUCKING, LLC and JOSE GUADALUPE PINA JACOBI<br><br>Defendants | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:20-cv-00010<br><br><br><br>JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME, Miguel Lara and Maria Estela Lara, Individually and as Independent Administrator of the Estate of Luis Antonio Lara, hereinafter called Plaintiffs, complaining of and about Power of Grace Trucking, LLC, and Jose Guadalupe Pina Jacobi, hereinafter called Defendants and for cause of action show unto the Court the following:

## PARTIES AND SERVICE

1. Plaintiff, Miguel Lara is an adult resident citizen of Somervell County, Texas and was the father of Luis Antonio Lara. Luis was killed in a wreck with the tractor-tanker vehicle combination operated by Defendants.

2. Plaintiff, Maria Estela Lara, is an adult resident citizen of Somervell county, Texas, and was the mother of Luis Antonio Lara. She has also been appointed as the

Independent Administrator of the Estate of Luis Antonio Lara.

3. Defendant, Power of Grace Trucking, LLC, is an entity with its principal office located at 809 S. Dal Paso Street, Hobbs, New Mexico 88240, and may be served through its registered agent, William E. Knox, 9212 Blarney Stone Way, Forney, TX 75126-7983.

4. Defendant, Jose Guadalupe Pina Jacobi is an individual who was and is a resident and citizen of the state of Mexico at all times relevant to this action. Defendant Jacobi was the driver of the vehicle which was involved in the collision made the basis of this lawsuit in the State of Texas, specifically in the Western District. This action arises from the subject collision. Jacobi may be served with process according to Tex. Civ. Prac. & Rem. Code §17.062 by serving the Chairman of the Texas Transportation Commission, 125 E. 11th Street, Austin, TX 78701, via Certified Mail Return Receipt Requested, who can in turn serve Jacobi at his last known address, Poste 2, San Jose, Masiaca, Navojao, Mexico 85220.

## JURISDICTION AND VENUE

5. The subject matter jurisdiction is appropriate in this Court under 28 U.S.C. §1332(a) because there is complete diversity of citizenship and the amount at issue is in excess of $75,000.00.

6. This Court has jurisdiction and venue is proper because a substantial part of the events giving rise to this claim occurred in Pecos County. 28 U.S.C.A. §1391.

7. Venue is proper in the Western District of Texas because a substantial part of the events or omissions giving rise to the accident occurred in the Western District of Texas.

8. This court has jurisdiction over Defendant Power of Grace Trucking, LLC,

because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Power of Grace Trucking, LLC will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Power of Grace Trucking, LLC to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

10. Furthermore, Plaintiffs would show that Defendant Power of Grace Trucking, LLC engaged in activities constituting business in the state of Texas, in that said Defendant committed a tort in whole or in part in Texas.

11. This court has jurisdiction over Defendant Jacobi, because said Defendant purposefully availed himself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Jacobi will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

12. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant Jacobi to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

13. Furthermore, Plaintiffs would show that Defendant Jacobi engaged activities conducting business in the state of Texas, in that said Defendant committed a tort in whole or in

part in Texas.

## FACTS

14. On or about December 8, 2019, Luis Antonio Lara, was killed as a result of Defendants' negligence and gross negligence. Lara was traveling northbound on SH 18 in the right lane, when suddenly and unexpectedly, Defendants' commercial tractor-tanker trailer, driven by Defendant Jose Guadalupe Pina Jacobi, missed his intended location and traveled off the main road onto the east ditch and made an illegal left u-turn across SH 18 North. Mr. Lara unavoidably collided into the left side of the tanker trailer on Northbound SH 18. The defendant moved the tractor-tanker trailer to the east ditch of SH 18 and came to rest upright facing north on the east ditch of SH 18. Mr. Lara's vehicle came to rest facing east upright underneath Defendant's vehicle in the east ditch of SH 18. At all times pertinent to this accident, Defendant Jacobi was operating the commercial vehicle within the course and scope of his employment with Defendant, Power of Grace Trucking, LLC. Defendant Power of Grace Trucking, LLC was in furtherance of their business at all times during this accident. Following the accident, Defendant, Jacobi was arrested for Criminally Negligent Homicide according to the investigation done to date and the findings of the officers in charge of the investigation. As a result of the incident, Lara, lost his life and the Plaintiff's lost their son.

## CAUSES OF ACTION

**A.    Negligence Against All Defendants**.

15. Luis Antonio Lara was killed because of Defendants' negligence and gross negligence when Defendants:

- Failed to use the knowledge and skills necessary to operate a commercial motor vehicle safely;

- Failing to use proper visual search methods;

- Failed to properly train their driver;

- Failed to use proper hazard perception techniques;

- Failed to maintain a safe distance;

- Failed to keep a proper lookout;

- Failed to take reasonable evasive action to avoid causing a wreck;

- Failed to conduct safe lane changes;

- Caused the occurrence made the basis of this lawusit;

- Performed an illegal U Turn directly in front of Lara' truck;

- Failed to properly maintain and repair a tractor-trailer tanker in active service; and

- Other acts so deemed negligent and grossly negligent.

16. The negligence of the Defendants was a direct proximate cause of the occurrence and resulting injuries.

**B.    Negligent Hiring Against Power of Grace Trucking, LLC**

17. Plaintiffs repeat and reallege each allegation contained above.

18. Luis Lara was killed as a result of Defendant's negligent hiring because of Defendant Power of Grace's:

- Failure to conduct a reasonable and adequate interview of its driver as a potential employee.

- Failure to properly follow up on information not provided by its driver in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to sufficiently investigate its driver's training, prior employment, criminal record and past.

- Failure to perform the require screening, testing and physical condition of it employee.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a truck on the highways of the State of Texas.

- Failure to properly monitor and restrict on road driving time and adequate rest time in between shifts.

- Such other and further acts of negligence as may be shown in the trial of the cause as discovery progresses.

### C. Negligent Training Against Power of Grace Trucking, LLC

19. Plaintiffs repeat and reallege each allegation contained above.

20. Luis Lara was killed as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to its driver.

- Failure to provide the necessary training to its driver regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to train its employees, including its driver, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### D. Negligent supervision, Retention, and Monitoring Against Power of Grace Trucking, LLC.

21. Plaintiffs repeat and reallege each allegation contained above.

22. Luis Lara was killed as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor its driver to make sure that he was complying with policies and procedures.

- Failure to interview and test its driver to make sure he had read, and was familiar with, understood, and followed the company policies and procedure.

- Failure to implement proper policies and procedure for its employees, including its driver, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made th basis of this suit.

- Failure to supervise its driver to insure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

23. As a result of Defendant Jacobi's negligent and grossly negligent conduct which Defendant Power of Grace Trucking, LLC sanctioned, Luis Lara suffered severe physical injuries. Plaintiffs are entitled to recover for Luis Lara's injuries and the mental anguish and pain and suffering which occurred before his death. Defendant Jacobi's actions were done with a reckless disregard to a substantial risk of severe bodily injury and Defendant Power of Grace Trucking, LLC allowed Defendant Jacobi's grossly negligent conduct. As such, Plaintiffs

are entitled to recover exemplary damages from Defendant Jacobi and Power of Grace Trucking, LLC.

## RESPONDEAT SUPERIOR AGAINST POWER OF GRACE TRUCKING, LLC

24. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Jacobi was within the course and scope of employment for Defendant Power of Grace Trucking, LLC.

25. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Jacobi was engaged in the furtherance of Power of Grace Trucking, LLC business.

26. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Jacobi was engaged in accomplishing a task for which Defendant Jacobi was employed.

27. Plaintiffs invoke the doctrine of Respondeat Superior as against Defendant Power of Grace Trucking, LLC.

## WRONGFUL DEATH AND SURVIVOR CLAIM

28. Plaintiffs will show that upon Luis Antonio Lara's death, two separate and distinct causes of action arose, one existing for the benefit of his Estate (survival claim), which survives his death pursuant to Section 71.021 of the Texas Civil Practice and Remedies Code and the other cause-of-action existing for the benefit of his survivors (wrongful death claim) as provided by Section 71.004 of the Texas Civil Practice and Remedies Code. Mr. Lara is survived by each Plaintiff named herein, and these Plaintiffs file suit against Defendants for the

wrongful death of Mr. Lara.

29.     At this time, there is an Estate pending in Somervill County Texas. Maria Estela Lara has been appointed as the Independent Administrator.

## DAMAGES

30.     Plaintiffs sustained the following damages as a result of the actions and/or omissions of Defendants described in this complaint:

- Actual damages, including past and future pecuniary losses; past and future mental anguish; past and future loss of household services; any loss of inheritance and the loss of companionship and society;

- loss of consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, for his mother;

- loss of consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, for his father;

- All damages that survive the death of Mr. Lara including the conscious terror, mental anguish, and excruciating pain and suffering experienced by Mr. Lara prior to his death, as well as funeral expenses;

- All reasonable and necessary costs incurred in pursuit of this suit; and

- Pre and post judgment interest at the maximum rate allowed by law.

## GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

31.     Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs, Luis Lara, and others. Defendants had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or

welfare of Plaintiffs, Luis Lara, and others. Defendants are liable for gross negligence.

32. Based on the facts stated herein, Plaintiffs request exemplary damages be awarded to Plaintiffs.

## PRAYER

33. WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for actual damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate; exemplary damages; costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

34. Plaintiffs attach a redacted Civil Case Sheet to their complaint.

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**

Respectfully submitted,

RICKEY J. BRANTLEY
Rickey@rickeybrantley.com
State Bar No 02899730
ALEX PELLEY
Alex@rickeybrantley.com
State Bar No. 24079121
BrantleyPelley, PLLC
855 Texas Street #100
Fort Worth, Texas 76102
Telephone: 817/882.8220
Telecopier: 817/882.8209