IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| MARIA ESTELA LARA, Independent Administrator of the Estate of Luis Antonio Lara and MIGUEL H. LARA | § § § § | |
| Plaintiffs, | § § | |
| | § | CIVIL ACTION NO.4:20-cv-00010-DC-DF |
| v. | § § § | |
| POWER OF GRACE TRUCKING, LLC And JOSE GUADALUPE PINA JACOBI, Defendants | § § § § | JURY DEMANDED |

**Amended Motion for Sanctions under Rule 37 Federal Rules Civ. Proc.**

Now comes Plaintiff, Maria Estela Lara, Individually and as Independent Administrator of the Estate of Luis Antonio Lara and Miguel H. Lara, and make and file this Amended Motion as a result of Defendant Jose Guadalupe Pina Jacobi's disobeying the Order of the Court dated September 13, 2021 related to the Amended Motion to Compel and for Further Relief, and the Court's Show Cause Order of October 7, 2021. **(Doc. 80, Omnibus Order and Doc. 89, Show Cause Order)** Plaintiffs would respectfully show the Court the following:

**Facts pertaining to this Motion**

1.     This Amended Motion is filed as a result of Defendant Jose Guadalupe Pina Jacobi's disobeying the Order of the Court dated September 13, 2021 **(Doc. 80)** pertaining to Plaintiffs Maria Estela Lara and Miguel Lara's (collectively, with Plaintiff in Intervention Stephanie Coronado, "Plaintiffs") Amended Motion to Compel **(Doc. 42)** and the Court's Show Cause Order of October 7, 2021. **(Doc. 80, Omnibus Order and Doc. 89, Show Cause Order).**

2. The Order of the Court provided "Defendant Jacobi is **ORDERED** to appear at and participate in Plaintiffs' requested deposition, to be scheduled for **Wednesday, September 29, 2021**. Additionally, Defendant Jacobi is **ORDERED** to complete all admissions and interrogatories by **Wednesday, September 29, 2021**." **(Doc. 80)**.

3. Defendant has failed to comply with this order.

4. As shown by the pleadings, this is an oil field truck wreck case involving the death of Luis Lara. **Doc. 1, Plaintiffs' Original Complaint.** Power of Grace, LLC's driver, defendant Jose Guadalupe Pina Jacobi, **(Jacobi)** left the scene of the wreck. Jacobi asked both his supervisor and the owner of Power of Grace to provide a different name to the investigating officers. When Jacobi was brought back to the scene of the wreck, he provided a false explanation of the wreck to the investigating officers. Jacobi was arrested and indicted for criminally negligent homicide and failure to render aid. He bonded out of jail and has apparently left the country. An Alias Capias has been issued with a Precept to Serve.

5. Jacobi was noticed for deposition on September 18, 2020, October 28, 2020 and January 27, 2020 and failed to appear. **(Doc. 42)**

6. Jacobi was also ordered to appear for deposition on September 29, 2021. **(Doc. 80)** A notice for this deposition was sent. Jacobi failed to appear.

7. Interrogatories, requests for production and requests for admissions were sent to Jacobi in June of 2021. **(Doc. 45-1, Appendix to Defendant Jose Guadalupe Pina Jacobi's First Amended Motion for Protection)** No substantive information was provided in response to any discovery.

8.     The Court ordered Jacobi to provide responses to discovery by September 29, 2021. **(Doc. 80)**  No responses have been provided.

9.     As a result of the failure to respond to requests for admissions, the negligence and gross negligence of Jacobi causing the injury and death of Luis Lara have been admitted.  The facts deemed admitted by Jacobi's failure to respond in a timely manner "are conclusive as to the matters admitted." *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001). Those facts "cannot be overcome" at the summary-judgment stage by pointing to contradictory evidence. *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021)

10.    Because of defendant Jacobi's failure to appear for deposition or provide answers to interrogatories, plaintiffs and intervenors have been unable to question the only surviving witness involved in the wreck.

11.    The original Motion is being amended since Defendant, Jose Guadalupe Pina Jacobi has ignored the Show Cause Order of October 7, 2021, **Doc. 89**.  The Show Cause Order required Pina to "show cause in writing as to why he has failed to participate in discovery pursuant to the court's Omnibus Order on or before November 11, 2021, or within fourteen (14) days of receipt of this order, whichever is earlier."

12.    The Order noted that if no response was made "the court will then proceed to conduct a further hearing to demonstrate whether this case should be resolved against him."

13.    Jacobi has ignored the Orders of the Court.  The matter should be resolved against Jacobi since no response has been made.

**Legal Authority pertaining to this Motion**

14. Sanctions for failure to respond to discovery are appropriate when there has been the complete failure of participation in any discovery matters, as is the case here. See Fed. R. Civ. P. 37(d)(1)(B); *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1031 (5th Cir. 1990).

15. Litigation ending sanctions are premised on several of the Federal Rules of Civil Procedure and on the Court's inherent power. Federal Rule of Civil Procedure 37(b) provides that if a party "fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just," including "an order striking out pleadings or parts thereof ... or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(c). See also, *Fuqua v. Horizon/CMS Healthcare Corp.*, 199 F.R.D. 200 (N.D. Tex. 2000)

16. The Court's authority to issue sanctions also stems from its "inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962)).

17. Litigation-ending sanctions are, by their very nature, the last resort. *See FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). Nevertheless, in certain circumstances, they are justified "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976). In determining whether to assess litigation-ending sanctions, a court should

consider (1) whether the misconduct resulted from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) whether the misconduct is attributable to the client instead of the attorney; (3) whether the opposing party is substantially prejudiced by the misconduct; and (4) whether a less drastic sanction would substantially achieve the desired deterrent. *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994). *See also, Smith v. Sanders*, Civil Action No. 3:12-CV-4377-M, 2019 U.S. Dist. LEXIS 44274 (N.D. Tex. Mar. 18, 2019).

18. Federal Rules of Civil Procedure, Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide or permit discovery, the court may issue "further just orders," including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party.

19. Courts have "broad discretion under Rule 37(b) to fashion remedies suited to the misconduct," *Smith & Fuller, P.A. v. Cooper Tire & Rubber* Co., 685 F.3d 486, 488 (5th Cir. 2012)(quoting *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir.1990)).

20. Entry of a default judgment is an appropriate sanction when the disobedient party has failed to comply with a court order because of willfulness, bad faith, or other fault on its part, as opposed to its inability to comply with the court's order. *See, Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S. Ct. 1087(1958); *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5thCir. 1985).

21.     Here, Jacobi has refused to participate in either the criminal or civil case involving the wreck which caused the injuries and ultimate death of Luis Lara.  Jacobi has refused to obey Court orders.  Further orders of the Court requiring payment of monetary sanctions or attorneys fees would be fruitless.  The failure to respond to Requests for Admissions results in admissions of negligence and gross negligence. (**Doc. 45-1, Exhibit A, Plaintiffs' First Requests for Admissions to Jose Guadalupe Pina Jacobi)** A Order striking the pleadings and entering default judgment as to negligence and gross negligence as to Jacobi, based on the stricken pleadings and unanswered Requests for Admissions, is warranted.  This would leave the issue of damages and exemplary damages to be determined by the jury.

### Prayer

22.     Under the circumstances which exist, sanctions are necessary for Jacobi's complete failure to participate in the discovery process.  Plaintiffs pray that Jacobi's pleadings be stricken and default judgment be entered as to Jacobi, based on the unanswered Requests for Admissions and stricken pleadings, leaving damages and exemplary damages to be determined by the jury.  To the extent the Court deems a hearing is needed, Plaintiffs pray that a hearing be held to determine whether Jacobi should have his pleadings stricken and default judgment entered against him as to negligence and gross negligence, leaving damages and exemplary damages to be determined by the jury.

Respectfully submitted,

/s/Rickey J. Brantley
RICKEY J. BRANTLEY
Rickey@rickeybrantley.com
State Bar No.  02899730
ALEX PELLEY
Alex@rickeybrantley.com
State Bar No. 24079121
BRANTLEYPELLEY, PLLC
855 Texas Street #100
Fort Worth, Texas 76102
Telephone: 817/882.8220
Telecopier: 817/882.8209

**Certificate of Conference**

I hereby certify that on the 11th day of January 2022, I spoke with the attorney for defendant Power of Grace, Eric Rich, regarding this Motion.  He advised that he was unable to agree to the Motion.

Counsel for Intervening Plaintiff, Stephanie Coronado, as Next Friend for A.L., a Minor, joins in this motion.

Defendant Jacob is being sent a copy  of this Motion by Certified mail and Federal Express since he is Pro Se.

/s *Rickey J. Brantley*
Rickey Brantley

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document was delivered, pursuant to the Federal Rules of Civil Procedure, to all counsel of record shown below on this, the 11 th day of January, 2022.

Eric Rich
Shafer, Davis, O'Leary & Stoker, P.C.
700 North Grant Avenue, Suite 201
Odessa, Texas 79761
p (432) 250-6514
f (432) 332-0893

Michael S. Alfred
Hallett & Perrin, PC
1445 Ross Ave. #2400
Dallas, TX 75202
214-922-4121 phone
214-922-4142 fax
malfred@hallettperrin.com

Jack Stick
VerisLaw, PLLC
Suite E240/624
3801 N. Capital of Texas Hwy
Austin, TX 78746.
512-710-6000 phone
512-717-7230 fax
jstick@verislaw.net

Defendant Jacob is being sent by Certified mail and Federal Express a copy of this motion, to the address on file with the Court:

Jose Guadalupe Pina Jacobi
Prolongacion Eje 6 Sur 560, Bodega #54
Area Federal Central De Abastos
Alcaldia Iztapalapa, Ciudad de Mexico C.P. 09040

                                        /s *Rickey J. Brantley*
                                        Rickey Brantley