IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **MIGUEL LARA and MARIA ESTELA LARA, Individually and as Independent Administrator of the Estate of Luis Antonio Lara,** § § § § | | |
| *Plaintiffs*, § | | |
| § | | |
| **STEPHANIE CORONADO** § | **PE:20-CV-00010-DC-DF** | |
| As next friend to A.L., a Minor, § | | |
| *Plaintiff in Intervention,* § | | |
| § | | |
| **v.** § | | |
| § | | |
| **POWER OF GRACE TRUCKING, LLC,** § | | |
| **And JOSE GUADALUPE PINA JACOBI,** § | | |
| *Defendants*. § | | |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Plaintiffs Miguel Lara and Maria Estela Lara's (collectively, "Compelling Plaintiffs") Amended Motion for Sanctions under Rule 37 Federal Rules. Civ. Proc. (hereafter, "Amended Motion for Sanctions"). (Doc. 105). This case is before the U.S. Magistrate Judge by a standing order of referral from the District Judge pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** that Compelling Plaintiffs' Amended Motion for Sanctions be **GRANTED**. (Doc. 105).

**I. BACKGROUND**

This suit's genesis is an automobile collision. (Doc. 1 at 4). On or about December 8, 2019, Luis Antonio Lara ("Decedent") died in a motor vehicle accident on State Highway 18 in Pecos County, Texas, when a tractor trailer driven and operated by Defendant Jose Guadalupe

1

Pina Jacobi ("Jacobi") collided with Decedent's vehicle. *Id*. at 2–4. On February 20, 2020, Compelling Plaintiffs, individually and on behalf of Decedent's estate, brought this suit against Jacobi and his employer, Power of Grace Trucking, LLC ("POG"). *See id*. Compelling Plaintiffs assert the following causes of action: (1) Negligence against all Defendants[1]; (2) Gross Negligence against all Defendants; (3) Negligent hiring against POG, (4) Negligent training against POG, and (5) Negligent Supervision, Retention, and Monitoring against POG; (6) Respondeat Superior against POG; and (7) a Wrongful Death and Survivor Claim against all Defendants. *Id*. at 4–8.

On September 8, 2021, the undersigned held a hearing to address, *inter alia*, Compelling Plaintiffs' Amended Motion to Compel, in which Compelling Plaintiffs sought to compel Jacobi to appear for a scheduled deposition as well as complete all requested admissions and interrogatories. (Docs. 42, 79). At the hearing, the undersigned granted the Amended Motion to Compel, which was later codified in an Omnibus Order. (*See* Doc. 80). Noting that "Jacobi . . . failed to appear for depositions on September 18, 2020; October 28, 2020; and January 27, 2021," the undersigned ordered Jacobi to "appear at and participate in [the] requested deposition, . . . scheduled for Wednesday, September 29, 2021." *Id.* at 10–11. The Omnibus Order also ordered Jacobi to "complete all admissions and interrogatories" by the same date. *Id.* at 11.

On October 7, 2021, Compelling Plaintiffs filed their initial Motion for Sanctions under Rule 37 Federal Rules Civ. Proc., alleging that Jacobi neither appeared at the September 29, 2021, deposition, nor responded to the interrogatories or requests for admissions by the deadline. (Doc. 88). Compelling Plaintiffs requested Jacobi's "pleadings be stricken and default judgment

---

1. The Original Complaint includes within the claim for negligence a claim for gross negligence against all Defendants. (Doc. 1 at 4–5).

be entered" pursuant to Federal Rule of Civil Procedure 37. *Id.* at 5. That same day, the Court entered an Order to Show Cause, requiring Jacobi to show cause "on or before November 11, 2021, "or within fourteen days . . . of receipt of th[e] order," as to why he failed to participate in the discovery as mandated by the Omnibus Order. (Doc. 89). Jacobi has since failed to comply with the Order to Show Cause. On January 11, 2022, Compelling Plaintiffs filed their Amended Motion for Sanctions, supplying additional references to the Order to Show Cause and clarifying their requested relief. (*See* Doc. 105). Jacobi did not make a timely response to either motion for sanctions.[2] Accordingly, this matter is now ready for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37 empowers courts to impose a variety of sanctions against a party for failure to comply with a court order or failure to participate in lawful discovery. FED. R. CIV. P. 37(b)–(d). When a party fails to obey a discovery order, "the court . . . may issue further *just* orders." FED. R. CIV. P. 37(b)(2) (emphasis added). In determining whether a given sanction is warranted, courts have broad discretion. *Bell v. Texaco, Inc.*, 493 F. App'x 587, 592 (5th Cir. 2012). When a sanction which would not result in the immediate conclusion of the case as a matter of procedure is imposed, the sanction merely need be "just" and "related to the particular 'claim' which was at issue in the order to provide discovery." *Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). The Fifth Circuit mandates that when a sanction is of such substantial effect that it would spell doom for

---

2. Compelling Plaintiffs elsewhere in this litigation have indicated that Jacobi has fled the United States to his home country of Mexico. (Docs. 42 at 1; 47 at 4). The Court has made several attempts to communicate with Jacobi, as well as to serve him with a multitude of Court-produced documents at this last known address. (Docs. 85; 99; 102; 103 at 5–6). Jacobi has made prior appearances in this case, and is therefore aware of the pending suit in this Court. (*See, e.g.*, Docs. 7; 16; 42 at 46–49). Jacobi has made no recorded effort to provide the Court with an updated address, even though he has knowledge of the instant lawsuit. (Doc. 103 at 4–5).

the case—that is, would be litigation-ending, including the archetypal striking of pleadings of and subsequent entry of default judgment against a defendant or dismissal of a plaintiff's complaint—a "heightened standard" is imposed. *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019).

The elevated standard for "death penalty" sanctions, reduced to saliency, requires the court to make four ancillary findings. *Id.* at 758–59. First, the court must first find that the non-compliance with a court order resulted from the disobedient party's "willfulness, bad faith, or other fault on its part, as opposed to its inability to comply with the court's order." *Tech. Chem. Co. v. IG-LO Prods. Corp.*, 812 F.2d 222, 224 (5th Cir. 1987) (citing *Societe Internationale Pour Participations v. Rogers*, 357 U.S. 197, 212 (1958)). Second, "the client, rather than counsel," must be found to be "responsible for the violation." *Law Funder*, 924 F.3d at 758 (quoting *FDIC v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994)). Third, the non-compliance with the court's order must have "substantially prejudiced the opposing party." *Id.* Fourth, such "drastic measures" should only be employed where a "lesser sanction would not substantially achieve the desired deterrent effect." *Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, -- F. 4th -- , 2022 U.S. App. LEXIS 778, at *20, 2022 WL 92861, at *8 (5th Cir. 2022); *see also United States v. Real Prop. Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 660 (5th Cir. 2014). Notwithstanding this heightened standard, courts "have consistently demonstrated their willingness to impose the ultimate sanction of dismissal or default." *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 315 (5th Cir. 2013) (quoting GREGORY P. JOSEPH, SANCTIONS: THE FEDERAL LAW OF LITIGATION ABUSE § 49(B)(4), at 729 (5th ed. 2013)). Specifically, striking a disobedient party's pleadings and entering default judgment must be arrows available in the judicial quiver "not merely to penalize those whose conduct may be deemed to warrant such a

4

sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990) (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)).

### III. DISCUSSION

Compelling Plaintiffs move the Court to strike Jacobi's pleadings and enter default judgment against him "as to negligence and gross negligence." (Doc. 105 at 6). Evidently, Jacobi has failed to comply with the Court's Omnibus Order to appear at his deposition on September 29, 2021, and complete all admissions and interrogatories as ordered by September 29, 2021. (Doc. 80 at 12). Following the Fifth Circuit's four-factor framework for death penalty sanctions, the undersigned concludes that Compelling Plaintiffs have sufficiently demonstrated that Jacobi's conduct warrants the relief requested.

   A.  *Jacobi's Fault*

The undersigned finds that Jacobi's failure to obey the Court's Omnibus Order was willful. Compelling Plaintiffs allege that Jacobi did not comply with the Court's Omnibus Order requiring Jacobi to participate in Compelling Plaintiffs' discovery. (Docs. 42; 80 at 12; 105 at 6).[3] In this instance, Jacobi has not appeared in or presented documentation to the Court to counter Compelling Plaintiffs' allegations. Therefore, the undersigned accepts Compelling Plaintiffs' allegations as true—Jacobi did not appear for his September 29, 2021, deposition, and additionally, he did not respond to Compelling Plaintiffs' requests for admission. (Docs. 42 at 42; 45 at 45-1 at 6–9; 80 at

---

3. Compelling Plaintiffs assert in the Amended Motion for Sanctions that the motion was filed as a result of Jacobi's disobeying the mandates of the Omnibus Order granting Compelling Plaintiffs' Amended Motion to Compel (Docs. 42; 105 at 6). In the Omnibus Order, the Court ordered Jacobi to comply with the discovery requests detailed in Compelling Plaintiffs' Amended Motion to Compel. (Doc. 80 at 10–11). Although Compelling Plaintiffs seemingly did not attach as exhibits the relevant Requests for Admission, in the Amended Motion for Sanctions, Compelling Plaintiffs reference the Request for Admission as attached to a prior motion by Defendants which was ultimately denied by the Omnibus Order. (Docs. 45 at 4–7; 105 at 2). The Court's Omnibus Order required Jacobi to respond to and complete "all admissions and interrogatories"; these Requests for Admission were thus within the scope of the Omnibus Order, thereby mandating Jacobi's compliance. (Doc. 80 at 12).

12).

When a court orders a party to respond to valid, pending requests, but the party refuses to respond or otherwise does not respond within the time allotted, "the party commits a willful violation of the court's order." *Haynes v. Otho*, No. MO-16-CV-00096-DC, 2017 U.S. Dist. LEXIS 235597, at *9, 2017 WL 11645307, at *3 (W.D. Tex. Nov. 17, 2017) (citing *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003)). Here, not only did Jacobi fail to comply with the discovery mandates of the Omnibus Order, but Jacobi also further disappointed the Court by not appearing or filing pleadings pursuant to the Order to Show Cause.[4] (Doc. 105 at 2–3). In the Order to Show Cause, Jacobi was expressly warned that failing to appear or participate in this litigation may result in the "case . . . be[ing] resolved against him." (Doc. 89 at 2); *accord Williams v. Res-Care, Inc.*, No. 17-10200, 2020 U.S. Dist. LEXIS 185891, at *9, 2020 WL 5942211, at *3 (E.D. La. Oct. 7, 2020) (refusing to impose death penalty sanctions "without an explicit prior warning that [default] could result").

Previously, Jacobi has appeared in substantial capacity, filing two answers, and returning some albeit incomplete discovery responses. (Docs. 7; 16; 42 at 46–49). Jacobi's actions therefore "indicate to the Court that [h]e knows when an appearance is required and how to file documents with the Clerk."[5] *Haynes*, 2017 U.S. Dist. LEXIS 235597, at *9, 2017 WL 11645307, at *4; *see also Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 316 (5th Cir. 2013) (affirming the district court's

---

4. Compelling Plaintiffs did not include a transcript of the attempted September 29, 2021, deposition, which presumably would have included a Certificate of Non-Appearance entered by the court reporter. (*See* Doc. 42 at 42). As a result, the undersigned reaffirms that no factual finding is being made as to whether Jacobi appeared for the September 29, 2021, deposition. However, Jacobi, cognizant of the pending status of the instant case, did not respond to the Amended Motion for Sanctions or otherwise counter Compelling Plaintiffs' assertions. Therefore, for the purpose of this Report and Recommendation, the undersigned will assume that Jacobi did indeed fail to appear at the scheduled September 29, 2021, deposition.

5. While it is true that Jacobi is now proceeding *pro se*, at the time of his failure to appear for the deposition and answer the discovery requests, Jacobi was still represented by counsel. (*See* Doc. 82 (Jacobi's former counsel's Motion to Withdraw filed on September 30, 2021)). Furthermore, Jacobi failed to appear for many of his prior scheduled depositions, even while his former counsel was present. (*See, e.g.*, Doc. 42 at 42).

inference of willfulness from conduct whereby the plaintiffs evinced they "were aware of the Court's rulings, and nevertheless failed to conduct themselves in accordance with them"). Jacobi is not woefully nescient regarding this case, and has consistently failed to comply with Compelling Plaintiffs' lawful discovery request or treat the Court with decorum—the Court should not treat him with such deference as though he has. Jacobi's effrontery must not be allowed to continue. Therefore, the undersigned concludes that Jacobi's several transgressions regarding the Court's Omnibus Order[6] and Order to Show Cause by appearing for his deposition on September 29, 2021, and responding to Compelling Plaintiffs' discovery requests by the same date, were willful. Because Jacobi's actions span two different orders and several months without contact with the Court, the undersigned holds that the record also illustrates contumacious conduct. Accordingly, this factor weighs in favor of granting the requested sanctions.

### B. Apportioning Responsibility

The undersigned believes that the disobedience at issue can be solely attributed to Jacobi, and not his former representation. Compelling Plaintiffs previously asserted in their Amended Motion to Compel—which was granted in full by the Omnibus Order—that Jacobi's former counsel, the law firm of Shafer, Davis, O'Leary & Stocker ("Shafer Davis"), "has attempted to provide discovery." (Doc. 42 at 3). In fact, Shafer Davis found the situation so untenable that on September 30, 2021, the firm filed a Motion to Withdraw as Jacobi's attorney, which the Court subsequently granted. (Docs. 82, 84). Furthermore, at the previous depositions for which Compelling Plaintiffs felt the need to move to compel Jacobi to compel, ultimately resulting in the September 29, 2021, deposition as mandated by the Omnibus Order, Shafer Davis representatives were present, while Jacobi himself

---

6. Although the Omnibus Order included rulings relating in part to non-discovery motions, the Omnibus Order is still classified as a "discovery order" for the purposes of Federal Rule 37. (Doc. 80); *See Melikhov v. Ladislav Drab*, No. 2:19-cv-248-FtM-66MRM, 2021 U.S. Dist. LEXIS 13332, 2021 WL 247979 (M.D. Fla. Jan. 19, 2021).

was not. (*See, e.g.*, Doc. 42 at 42). There have been no other allegations that Shafer Davis in any way has acted in bad faith or willfully failed to procure Jacobi for his depositions or inhibited his responding to the discovery requests as ordered. *See, e.g.*, *Calsep, Inc. v. Intelligent Petroleum Software Sols.*, No. 4:19-CV-1118, 2021 U.S. Dist. LEXIS 84898, at *25–*26, 2021 WL 1729169, at *9 (S.D. Tex. Apr. 29, 2021) (recommending sanctions be granted where movants did not assert that the non-movants' attorneys were responsible for the non-movants' own violation of a discovery order).

It is apparent that only Jacobi, and not his former counsel of Shafer Davis, is to blame for his insolence. *See McLane Foodservice, Inc. v. Hawkins*, No. 3:03-CV-1412-G, 2004 U.S. Dist. LEXIS 2794, at *13, 2004 WL 350667, at *4 (N.D. Tex. Feb. 24, 2004) (finding death penalty sanctions appropriate where the defendant was "solely to blame for the discovery violations"). Accordingly, this factor also weighs in favor of granting the requested sanctions.

    *C. Substantial Prejudice to Compelling Plaintiffs*

The undersigned further holds that substantial prejudice to Compelling Plaintiffs will occur if default judgment sanctions are not approved. As noted above, Jacobi's state of mind is essential to determining whether Compelling Plaintiffs will be able to prove their gross negligence claim. *See Tarrant County v. Bonner*, 574 S.W.3d 893, 902 (Tex. 2019) (citing *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 22 (Tex. 1994)). Jacobi's refusal to appear for multiple scheduled depositions severely hinders if not entirely obliterates Compelling Plaintiffs' gross negligence cause of action, before a single shred of evidence can be gathered or considered. The failure of the "only surviving witness involved in the wreck" to provide any testimony as to his own beliefs and subjective state of mind, as well as his perspective of the environmental conditions near the time of the collision, stands as an insurmountable obstacle to Compelling Plaintiffs' preparation for trial and articulation of their case

against him. (*See* Doc. 42 at 2–3); *accord Repass v. TNT Crane & Rigging*, No. MO:18-CV-00107-DC-RCG, 2021 U.S. Dist. LEXIS 218170, at *8–*9, 2021 WL 5195225, at *3–*4 (W.D. Tex. Aug. 20, 2021), *report and recommendation adopted*, No. MO:18-CV-00107-DC, 2021 U.S. Dist. LEXIS 218172, 2021 WL 5195224 (W.D. Tex. Sept. 23, 2021).

Furthermore, Jacobi's refusal to participate in the case and provide necessary discovery to Compelling Plaintiffs necessarily has and will bring out vastly augmented costs due to the discovery motions filed, otherwise needless Court intervention, and exaggerated number of depositions for which Compelling Plaintiffs had to be present but which Jacobi felt empowered to elude. *See Performance Chem. Co. v. True Chem. Sols., LLC*, No. W-21-CV-00222-ADA, 2021 U.S. Dist. LEXIS 126854, at *14–*15 (W.D. Tex. May 20, 2021). Jacobi, or any other defendant, must not be allowed to play truant from his Court-ordered obligations and duties. The Court's orders are commanding documents which guide the parties' actions in the case; they are to be obeyed, and not skirted as would a mouse following a sudden fulmination from a passing storm, never to be seen or heard from until it desires so. Likewise, when a party avoids its obligations as such, often times the other party is relegated to utilizing only "scant and piecemeal evidence." *Arista Records, L.L.C. v. Tschirhart*, 241 F.R.D. 462, 465 (W.D. Tex. 2006). In this case, Compelling Plaintiffs would likely be wholly unable to prove their gross negligence claim, not through any fault of their own, but because Jacobi has prioritized his personal sense of autonomy over the established authority of the Court. (*Accord* Doc. 83 at 10–11 (noting that Jacobi's testimony as to his state of mind is essentially necessary)).

Compelling Plaintiffs have frankly been unable to conclusively prepare for trial on the gross negligence and negligence issues regarding Jacobi, let alone complete discovery. *Apogee Telecom, Inc. v. Dungan*, No. A-16-CA-00061-SS, 2016 U.S. Dist. LEXIS 193191, at *14, 2016 WL 9308329, at *5 (W.D. Tex. Sept. 23, 2016). Accordingly, this additional factor weighs in favor of granting the

requested sanctions.

    D. *Availability of Lesser Sanctions*

The undersigned is of the opinion that no lesser sanctions will achieve the desired deterrent effect in this instance. Federal Rule 37(b) lists several sanctions that a court may impose on a disobedient party, including but not limited to

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A). These enumerated sanctions are not necessarily exhaustive, however. *See* 8B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2284 (3d ed. 2021) ("The sanctions . . . in the rule are not exclusive and arbitrary but flexible, selective, and plural."). In any event, Compelling Plaintiffs request that the Court strike pleadings and enter default judgment. (Doc. 105 at 6).

The undersigned believes that the only sanctions which will achieve the desired deterrent effect in this case are (iii) striking Jacobi's pleadings in whole and (vi) rendering a default judgment against Jacobi. *Accord Haynes v. Otho*, No. MO-16-CV-00096-DC, 2017 U.S. Dist. LEXIS 235597, at *10–*11, 2017 WL 11645307, at *4 (W.D. Tex. Nov. 17, 2017). In this instance, (i), (ii), and (v) have no applicability. Sanction (v) is clearly geared towards wayward plaintiffs and is therefore not relevant. The sanctions discussed in (i) and (ii) contemplate continuing the litigation in favor of

10

Jacobi, which in this case contains issues of negligence and gross negligence. (*See* Doc. 1). As the Court has already noted, the extant gross negligence claim will require that Compelling Plaintiffs demonstrate that Jacobi was subjectively aware of the objective extreme risk of danger. (*See* Docs. 1; 83 at 10–11). Without Jacobi's deposition testimony as to his own state of mind, given how he was the "only surviving witness involved in the wreck," it is a Sisyphean endeavor to foresee Compelling Plaintiffs being able to prove the elements of their claims, and not for reason of indolence. (*See* Doc. 42 at 2–3).

Furthermore, the sanctions provided in (iv) and (vii) offer no benefit to this case. Because Jacobi has not responded to any pleading or otherwise made an appearance in this case since at the latest the September 29, 2021, deposition, issuing a stay in this case until compliance with the Omnibus Order is achieved pursuant to the sanction in (iv) "will only further stagnate the discovery process." *Haynes*, 2017 U.S. Dist. LEXIS 235597, at *11, 2017 WL 11645307, at *4. Additionally, Compelling Plaintiffs have alleged that Jacobi is now in Mexico, and Jacobi's former counsel has indicated that his last address places him in Mexico. (Docs. 47 at 4; 103 at 2 n.1). Thus, holding Jacobi in contempt of court under (vii) will not have the effect of deterring a refusal to obey an order participate in discovery proceedings in federal court in the United States. Extending a litigation lifeline to Jacobi when he has provided the Court no indication that he will ever participate again in the case—the only contingency whereby *any* party would benefit from the (iv) and (vii) sanctions—will only present a windfall to an undeserving party and dramatically drive up litigation costs for Compelling Plaintiffs if Jacobi continues the pattern of non-appearance. Accordingly, no lesser sanction will serve to generate the deterrent effect than striking the pleadings and entering default judgment.

In the Order to Show Cause, the Court implied that a hearing may be helpful to determine whether default judgment should be entered against Jacobi. (*See* Doc. 89 at 2). The undersigned,

given Jacobi's non-compliance with the Order to Show Cause and the Omnibus Order, and his failure to establish any contact with the Court since the Omnibus Order was issued nearly four months ago, now believes that a hearing would provide no additional information the Court does not already possess. Despite the Court's exhortations, Jacobi has refused to present himself to the Court by way of pleadings or obedience to the Court's orders, and additionally "appears to have ceased any involvement in the lawsuit." *See D'Arcy Petroleum v. Mink*, No. 3:19-cv-02770-M-BT, 2021 U.S. Dist. LEXIS 217258, at *6, 2021 WL 5218223, at *2 (N.D. Tex. Oct. 6, 2021), *report and recommendation adopted*, No. 3:19-cv-02770-M-BT, 2021 U.S. Dist. LEXIS 216315, 2021 WL 5213035 (N.D. Tex. Nov. 9, 2021). Assessing any other sanction will be a futile excursion, failing to achieve the Court's goals of efficiency and justice while simultaneously providing Compelling Plaintiffs a fair chance at proving their case against Jacobi, and all four factors support imposing death penalty sanctions. The Court cannot permit Jacobi to shield himself and upend the inherent power of the Judiciary; the Court's dominion is more than sufficient a javelin to pierce whatever personal independence veil Jacobi possesses against complying with its orders. Accordingly, the undersigned **RECOMMENDS** that Jacobi's pleadings should be stricken, and default judgment entered against him as to Compelling Plaintiffs' claims of negligence and gross negligence. (Docs. 1, 7, 16, 88).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Compelling Plaintiffs' Amended Motion for Sanctions be **GRANTED**. (Doc. 105).

Additionally, the undersigned **RECOMMENDS** that Jacobi's answers and other pleadings be **STRICKEN** and that a **DEFAULT JUDGMENT** be entered against Jacobi on the issues of liability for Compelling Plaintiffs' claims of negligence and gross negligence.[7] (Docs. 7, 16 (joint answers from Jacobi and POG)).[8]

The Clerk of Court is **DIRECTED** to serve and mail a copy of this order by United States Postal Service certified mail with return receipt requested, as well by FedEx International, to Defendant Jacobi's last known address as follows:

Jose G. Pina Jacobi
Prolongacion Eje 6 Sur 560, Bodega # 54
Area Federal Central de Abastos
Alcaldia Iztapalapa, Ciudad de Mexico C.P. 09040

SIGNED this 2nd day of February, 2022.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

---

7. Compelling Plaintiffs exclaim that granting the Amended Motion for Sanctions, thereby striking the pleadings of and entering a default judgment against Jacobi, will "leav[e] damages and exemplary damages to be determined by the jury." (Doc. 105 at 6). This is correct. *See Farrell v. Gerland*, No. 91-2802, 1993 U.S. App. LEXIS 39587, at *5 (5th Cir. July 9, 1993) (observing a separate determination of damages after liability is found by default judgment); *Nestor v. Penske Truck Leasing Co.*, No. 4:14-CV-036-DAE, 2015 U.S. Dist. LEXIS 99096, at *6, 2015 WL 4601255, at *2 (W.D. Tex. July 29, 2015) ("[A] defendant's default [in a negligence case] does not conclusively establish the amount of damages."); *Utica Mut. Ins. Co. v. Hickman*, No. 3:99-CV-0351-D, 2000 U.S. Dist. LEXIS 15779, at *3, 2000 WL 1593640, at *1 (N.D. Tex. Oct. 25, 2000) (discussing damages awarded following a post-default trial); *Greater Hous. Transp. Co. v. Wilson*, 725 S.W.2d 427 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). The undersigned's recommendation pertains only to the issue of liability, preserving the calculation of damages and exemplary damages for the jury at trial.

8. Because Jacobi's answers and pleadings were jointly filed with those of POG due to then-shared counsel, Jacobi's answers and other pleadings should be stricken only to the extent that they pertain to his own answers and other pleadings. (Docs. 7, 16).

### INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Judge. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the U.S. Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).